UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case Number: 06-22877-CIV-MORENO

OPERATORI DOPPIAGGIO E SPETTACOLO D/B/A O.D.S.,
    Plaintiff,
vs.
ELG MEDIA GROUP, LLC,
    Defendant.
_____/



## ORDER DISMISSING FOR *FORUM NON CONVENIENS*

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 15)**, filed on **March 12, 2007**.

### BACKGROUND

This is an action to collect debt for services rendered, beginning in 2004. Plaintiff is an Italian corporation in Torino, Italy, while Defendant is a Florida LLC in Miami Lakes, Florida. This case has been in this Court's docket since November 27, 2006, and in that time has accumulated an unusually convoluted document history and yet never had a calendar call. However, this Court now finds that despite this existing trail of documents, this Court is not the appropriate venue for this matter.

# I. FORUM NON CONVENIENS

*Forum non conveniens* operates to allow a court to discretionarily exercise jurisdiction over a matter when a more convenient alternate forum is available. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-7 (1947). This tool "is to be favored" for ensuring that federal courts only hear "those cases where contacts with the American forum predominate." *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 n.10 (11th Cir. 1985).

The burden of proving each aspect of a *forum non conveniens* analysis is on the moving defendant.

### A. The Availability of an Alternative Forum

The first requirement is the existence of a viable - i.e. adequate and available - alternative forum. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). To be "available" is to be able to assert jurisdiction, typically satisfied by defendant's amenability of service. *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1282 (11th Cir. 2001). To be "adequate" is to be capable of providing "some relief for the plaintiffs' claims." *See Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir. 2007). This "some relief" need not be perfect, so long as it is something more than "no remedy at all". *Satz*, 244 F.3d at 1283 *citing Piper Aircraft*, 454 U.S. at 255 n.22.

### B. The Weight of Private and Public Interests

The second requirement requires that the weight of private and public interests support disturbing the plaintiff's original choice of forum. *SME Racks*, 382 F.3d at 1101 *citing Gilbert*, 330 U.S. at 508. While the Eleventh Circuit has held that both public and private factors should be considered in all cases, *Leon v. Millon Air*, 251 F.3d 1305, 1311 (11th Cir. 2001), the private factors

should be approached initially and with a strong presumption against disturbing the plaintiff's initial forum choice. *SME Racks*, 382 F.3d at 1100 *citing La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 (11th Cir. 1983).

There is no definitive listing of either the private or public interests applicable here. The Supreme Court has said that it may include all "practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S. at 508. However, courts have provided examples: private interests may include the availability of witnesses and other evidence, the costs of proceedings, and other pragmatic concerns while public interests may include concerns of comity, the administrative burdens of trial, and the possible need to apply foreign law domestically.

When plaintiffs are residents of the United States, the Eleventh Circuit has mandated that a district court "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *SME Racks, Inc.*, 382 F.3d at 1101-02. However, where plaintiffs are not residents of the United States, their choice of forum is entitled to "less deference", *Millon Air*, 251 F.3d at 1309 *citing Piper*, 454 U.S. at 256. Accordingly, a foreign plaintiff's choice of forum is simply a matter of convenience.

## II. ANALYSIS

### A. Spain is an Available and Adequate Forum

The requirement of availability is satisfied generally by amenability of service: if a

defendant is within the reach of service, then that defendant will be subject to the forum in question. Defendant has assured this Court that "it has its principal place of business in Madrid, Spain and stipulates that it will submit itself to the jurisdiction of the Spanish courts for this action." The Eleventh Circuit has held that such agreements in court renders the forum available. *Magnin v. Teledyne Continental Motors*, 91 F.3d 1425, 1429 (11th Cir. 1996). This Court agrees, and deems Spain to be an available forum.

Moreover, the Eleventh Circuit has explicitly found that Spain is a viable forum for contract claims. In *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097 (11th Cir. 2004), a Florida corporation sued a Spanish seller alleging that the goods in question were defective. Although the Eleventh Circuit reversed this Court's order dismissing the case for *forum non conveniens* in *SME Racks, Inc.*, it did so based on the balancing of private interests, and not out of any concern that Spain was an inadequate forum. *Id.* at 1100 n. 4. This Court agrees, and deems Spain to be an adequate forum.

### B. The Private and Public Interest Factors Favor Litigation in Spain

Plaintiff is not a citizen of the United States, nor of Florida, and so the initial choice of forum is afforded no special weight other than to indicate that Plaintiff would find it convenient to litigate this matter in this Court.

This Court can identify no private interest factors which favor this Court as a forum other than the existing trail of documents that litters the docket. There are no private

interest factors which weigh in favor of this Court as forum other than Plaintiff's initial choice, whereas at the very least both Plaintiff and Defendant have their primary places of business in Europe. Defendant has asserted that all of its business records, officers and employees are in Spain, which weighs in favor of the convenience of a Spanish court as proper forum.

Moreover, there is a strong public interest in United States courts avoiding the need to litigate matters of foreign law. This case involves taxation laws of the European Union and commercial transactions which took place entirely in Europe. Comity demands that this Court recognize European Union courts as being the appropriate venue for European Union laws.

The only significant public interest which this Court can identify which favors this Court as forum is the concern that Defendant might be attempting to illicitly avoid litigation by manipulating this Court and the courts of Spain. There appears to be dispute as to whether Wake Up Communications is legally distinct from ELG Media Group, LLC, and thus whether the statements of Wake Up Communications' legal counsel can be imputed to ELG Media Group. However, this concern is easily remedied: Plaintiff's complaint shall be dismissed without prejudice to refile in this Court should Defendant make any protest in the Spanish courts regarding forum.

## CONCLUSION

Spain is both an adequate and available alternate forum for this matter. The private and public interests - properly balanced - weigh in favor of litigation in Spain, and not the United States or Florida courts. Therefore, this Court grants Defendant's motion to dismiss for *forum non conveniens*, with the proviso that plaintiff shall be able to refile in this Court should Defendant make any attempt to deny the validity of the Spanish courts as forum.

THIS COURT has considered the motion, response, reply, Defendant's sur-reply, Plaintiff's reply to Defendant's sur-reply, and Defendant's response to Plaintiff's reply to Defendant's sur-reply, and all pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED,** Plaintiff's Claim is dismissed for *forum non conveniens* without prejudice to Plaintiff's right to seek reconsideration if Defendant makes any attempt to deny the validity of the Spanish courts as forum.

DONE AND ORDERED in Chambers at Miami, Florida, this _16_ day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record